IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ALLEN HARRELL, JR.,

     Plaintiff,

v.                                     Civil Action No. **3:07CV263**

J. FIELDS, *et al.*,

     Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action.  The matter is before the

Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Jurisdiction is appropriate

pursuant to 28 U.S.C. § 1343(a)(3).

## I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

> Under 28 U.S.C. § 1915(e)(2), this Court must dismiss any action filed by
> a prisoner if it determines the action (1) "is frivolous" or (2) "fails to state a claim
> on which relief may be granted."  *Id.*; *see* 28 U.S.C. § 1915A.  The first standard
> includes claims based upon "'an indisputably meritless legal theory,'" or claims
> where the "'factual contentions are clearly baseless.'"  *Clay v. Yates*, 809 F. Supp.
> 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327
> (1989)).  The second standard is the familiar standard for a motion to dismiss
> under Federal Rule of Civil Procedure 12(b)(6).
>
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a
> complaint; importantly, it does not resolve contests surrounding the facts, the
> merits of a claim, or the applicability of defenses."  *Republican Party of N.C. v.
> Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur
> R. Miller, *Federal Practice and Procedure* § 1356 (1990)).  In considering a
> motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations
> are taken as true and the complaint is viewed in the light most favorable to the
> plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see
> also Martin*, 980 F.2d at 952.
>
> The Federal Rules of Civil Procedure "require[] only 'a short and plain
> statement of the claim showing that the pleader is entitled to relief,' in order to
> 'give the defendant fair notice of what the . . . claim is and the grounds upon
> which it rests.'"  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)

(*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46.  In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  127 S. Ct. at 1964-65 (citations omitted).  Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable."  *Id.*  Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

On August 8, 2006, Plaintiff requested prison staff to make legal copies for him.  Plaintiff received the copies and placed them in an envelope to mail to the court.  Approximately, two hours later, Correctional Officer Watson told Plaintiff that he needed to see Ms. Hill and to bring his legal copies.  Ms. Hill demanded that Plaintiff return the legal copies because Plaintiff did not have sufficient funds in his account to cover the copying costs.  Plaintiff refused to turn over the copies.  Plaintiff explained that in the past he had been allowed to make legal copies even though he did not sufficient funds in his account to cover the costs.  Plaintiff requested the presence of the Shift Commander, Captain Overton.  After Captain Overton arrived, Plaintiff explained his position to Captain Overton.  Captain Overton then contacted his supervisor, T.P.S. Fields, to see what should be done.  T.P.S. Fields directed Captain Overton to confiscate the copies and place the same on Fields's desk.  Plaintiff refused to turn over the copies.  Captain Overton became aggressive and threatened to charge Plaintiff with an infraction.  Plaintiff turned over the copies.  Plaintiff informed Warden Pontoon of the foregoing actions.  Warden Ponton did not take any corrective action.

Plaintiff names Warden Ponton, Captain Overton, and Ms. Fields as defendants.  Plaintiff contends that Defendants violated his right of access to the courts "by an unreasonable, and extended delay of his out-going legal mail, through the interuption of his mail process, due to given orders to confiscate

2

sealed legal documents." (Compl. Sec. IV.B.) Plaintiff demands monetary damages.

### Analysis

Inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). In order to plead a backward looking denial of access to the courts claim, a plaintiff must identify with specificity, a non-frivolous legal claim that he was prevented from litigating by the defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 353 n.3. The "inmate must come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions . . . . The fact that an inmate may not be able to litigate in exactly the manner he desires is not sufficient to demonstrate the actual injury element of an access to courts claim." *Godfrey v. Washington County, VA, Sheriff*, No. 7:06-cv-00187, 2007 WL 2405728, at *13 (W.D.Va. Aug. 17, 2007) (*citing Lewis*, 518 U.S. at 354). Thus, Plaintiff's allegations that he was delayed in filing some paperwork in an unidentified case insufficiently state a claim for denial of access to the courts. Accordingly, it is RECOMMENDED that the action be DISMISSED.

(Dec. 12, 2007 Report and Recommendation.)  The Court advised Plaintiff that he could file

objections or an amended complaint within ten (10) days of the date of entry thereof.  Plaintiff

failed to file objections or an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with this

court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*,

423 U.S. 261, 270-71 (1976)).  This Court "shall make a de novo determination of those portions

of the report or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  "The filing of objections to a magistrate's report enables the district judge

to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute."

*Thomas v. Arn*, 474 U.S. 140, 147 (1985).  In the absence of a specific written objection, this

3

Court may adopt a magistrate judge's recommendation without conducting a *de novo* review. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 316 (4th Cir. 2005), *cert. denied,* 546 U.S. 1091 (2006).

## III. CONCLUSION

There being no objections and upon review of the record and the Report and Recommendation, the Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED.  The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: /-7-08
Richmond, Virginia

> /s/
> James R. Spencer
> **Chief United States District Judge**

4